UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSE B. RODRIGUEZ,

    Petitioner,

    v.                                     CAUSE NO. 3:19-CV-454-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jose B. Rodriguez, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for child molestation under Case No. 20D03-1008-FA-29. Following a jury trial, on September 5, 2013, the Elkhart Superior Court sentenced him to forty years of incarceration.

## FACTUAL BACKGROUND

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct unless they are rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court of Appeals of Indiana summarized the evidence presented at trial:

> Rodriguez and Dawn Hernandez began dating and then married while living in New York. At the time, Hernandez had five children from previous relationships: M.V., Ariel, Alberto, Sonia, and Carlos. After living in New York together, Rodriguez, Hernandez, and the children moved to Elkhart, Indiana, in 2006.
>
> In Elkhart, Rodriguez called thirteen-year-old M.V. into the bathroom and instructed M.V. to perform oral sex on him. The sexual contact between the two continued throughout the year, including a time Rodriguez

performed oral sex on M.V. in his bedroom. On another such occurrence, Hernandez stepped out of the bathroom, and from her vantage point, was able to see M.V. and Rodriguez on the living room couch. M.V. was lying with her head in Rodriguez's crotch. M.V.'s pants were down and Rodriguez's hand was on M.V.'s buttocks.

Hernandez immediately confronted Rodriguez, but Rodriguez denied any wrongdoing. When M.V. talked to her mother, she told her Rodriguez made her "lick his thing." Rodriguez then confronted M.V. and told her he was going to have to leave, and it was M.V. 's fault. After that conversation, M.V. told her mother she lied. The subject was dropped after M.V. recanted. Rodriguez later engaged in intercourse with M.V., still while M.V. was thirteen, telling her that they were going to "try something different.

In June 2010, Rodriguez and Hernandez separated. Hernandez's reason for leaving was that she was "tired of having to answer to him" and felt uncomfortable with Rodriguez's interactions with M.V. M.V. was seventeen at the time of the separation. Hernandez and the children moved into Mary Hurst's home; Mary was someone Hernandez knew through work. On July 12, 2010, M.V. told her mother that Rodriguez had been molesting her. Hernandez told Mary what M.V. said; she next called her pastor for comfort. Mary was the one who finally called the police to report the molestation. In September 2010, Hernandez became pregnant by Matthew Hurst, Mary's son. Rodriguez and Hernandez divorced in January 2012.

On August 4, 2010, Rodriguez was charged with four counts of child molesting,1 all Class A felonies. A jury trial began on July 29, 2013. The State sought to introduce testimony from M.V. that when she was eleven years old and living in New York, Rodriguez showed her a pornographic video of a man and a woman engaging in oral sex. Over Rodriguez's Indiana Evidence Rule 404(b) objection, the trial court allowed the testimony. M.V. testified that she did not know what was happening in the video, so Rodriguez answered her questions. M.V. thought the people in the video looked like they were enjoying themselves; Rodriguez told her he could show her how to do that, and the two shook hands as if making a deal. At the conclusion of M.V.'s testimony, the State moved to admit evidence of prior bad acts that occurred in New York that were witnessed by her sister Ariel; the court refused to admit the testimony at that time.

2

> Hernandez testified next. At the conclusion of cross-examination, the State again sought to introduce evidence of prior bad acts that occurred in New York. At that time, the court allowed the evidence over Rodriguez's objection. Hernandez was permitted to testify that Ariel had witnessed sexual contact between M.V. and Rodriguez and reported it to her. Hernandez's only action was to ask Rodriguez if it was true. When Rodriguez denied it, Hernandez let the subject drop. Ariel then testified, over objection, about witnessing M.V. perform oral sex on Rodriguez and being punished for telling her mother what she had seen. Ariel also testified about a second time she witnessed Rodriguez and M.V. engaging in sexual activity in New York, but did not report it out of fear of being punished. No limiting instruction was requested or given based on this testimony.
>
> Rodriguez was convicted of all four counts of child molesting, and he was sentenced to forty years on each count, to be served concurrently.

ECF 11-4 at 2-4; *Rodriguez v. State*, 20 N.E.3d 222 (Ind. App. 2014).

In the habeas petition, Rodriguez argues that he is entitled to habeas relief because trial counsel should not have allowed the admission of the evidence of prior bad acts detailed above, including testimony that he watched a pornographic video with the victim and testimony about uncharged sexual conduct with the victim. Though it is not clear from the petition, it appears that Rodriguez is also asserting the underlying evidentiary issues as independent grounds for habeas relief. Additionally, Rodriguez argues that trial counsel failed to communicate the prosecution's plea offer.

Rodriguez further argues that he is entitled to habeas relief due to ineffective assistance of appellate counsel. However, the case cited in his support of this claim, *Baum v. State*, 533 N.E.2d 1200 (Ind. 1989), and his briefs on post-conviction review as well as his traverse strongly suggest that he intends to assert a claim against post-

conviction counsel rather than appellate counsel on direct review.[1] ECF 11-8; ECF 11-10, ECF 14. Ineffective assistance of counsel during post-conviction proceedings is not a cognizable basis for habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.").

## PROCEDURAL DEFAULT

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly

---

[1] To the extent that Rodriguez intends to assert a claim regarding appellate counsel's performance on direct review, such a claim would be procedurally defaulted because he did not present such a claim during post-conviction proceedings.

4

asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

On direct review, Rodriguez presented his arguments on the admissibility of prior bad acts to the Court of Appeals of Indiana and the Indiana Supreme Court, and the court will consider whether the admission of such evidence violates his right to due process. ECF 11-3; ECF 11-5. On post-conviction review, the Court of Appeals of Indiana observed that Rodriguez's arguments regarding trial counsel did not identify the uncharged criminal acts and did not identify a limiting instruction that would have cured the prejudicial effect of such evidence. ECF 11-9. It further observed that Rodriguez did not allege or provide evidence that the prosecution had issued any plea offer. *Id.* The appellate court found that Rodriguez had "fail[ed] to develop any of these arguments with cogent reasoning" and concluded that he had waived his ineffective assistance of trial counsel claims. *Id.* Therefore, the ineffective assistance of counsel claims are procedurally defaulted, and Rodriguez offers no basis to excuse this procedural default.

## ANALYSIS

Rodriguez argues that he is entitled to habeas relief due to the improper admission of prior bad acts, including testimony that he watched a pornographic video with the victim and testimony about uncharged sexual conduct with the victim. "Federal habeas review exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (quotations and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods*, 135 S. Ct. at 1376 (quotation marks and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. *Rose v. Clark*, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation marks omitted).

"When we review a petitioner's submission concerning a state court's evidentiary ruling based on a state rule of evidence, we do not consider the correctness

6

of that court's determination based on the state's evidentiary laws." *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir. 1997). On this issue, the Seventh Circuit has articulated:

> To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial. This means that the error must have produced a significant likelihood that an innocent person has been convicted. Indeed, because of this high standard, evidentiary questions are generally not subject to review in habeas corpus proceedings.

*Howard v. O'Sullivan*, 185 F.3d 721, 723–24 (7th Cir. 1999). "To consider the significance of the alleged errors, a court must examine the entire record, paying particular attention to the nature and number of alleged errors committed; their interrelationship, if any, and their combined effect; how the trial court dealt with the errors, including the efficacy of any remedial measures; and the strength of the prosecution's case." *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001).

Rule 404(b) of the Indiana Rules of Evidence governs the admissibility of prior bad acts. This rule prohibits the admission of "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the rule allows the admission of such evidence for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

On direct appeal, the Court of Appeals of Indiana first considered the admission of testimony that Rodriguez watched a pornographic video with the victim. ECF 11-9 at 6-9. It found that the testimony was relevant to demonstrate Rodriguez's plan of grooming the victim for sexual abuse. *Id.* It found that the jury may have construed this

testimony as propensity evidence but that the prejudicial effect did not substantially outweigh the probative value, so the trial court did not abuse its discretion by admitting it. *Id.* By contrast, the appellate court found that the trial court should not have admitted the testimony regarding prior sexual misconduct with the victim. *Id.* at 9-12. However, the court also considered the record as a whole, found substantial independent evidence of guilt, and concluded that the admission was harmless error. *Id.* Specifically, it considered the victim's unequivocal testimony regarding the four charged incidents of sexual abuse, her mother's testimony regarding one of the incidents, and her siblings' testimony regarding unusual activity between Rodriguez and the victim. *Id.*

After reviewing the State record, the court is not persuaded that "the error must have produced a significant likelihood that an innocent person has been convicted," *Howard*, 185 F.3d at 723–24, even assuming that the trial court should not have admitted the testimony regarding the pornographic video and the testimony regarding prior sexual misconduct. The court finds *Koo v. McBride*, 124 F.3d 869 (7th Cir. 1997), and *Hoglund v. Neal*, 959 F.3d 819 (7th Cir. 2020), to be instructive. In *Koo*, a physician was charged with raping his patient during a scheduled medical examination. *Koo*, 124 F.3d at 871. At trial, the prosecution presented testimony from two other patients who described similar prior misconduct by the physician, and the trial court instructed the jury to consider the testimony only for the purpose of assessing the victim's credibility. *Id.* On habeas review, the physician asserted that this testimony was inflammatory propensity evidence that violated his right to a fair trial. *Id.* at 874. The Seventh Circuit

8

found that the admission of this testimony did not entitle the physician to habeas relief, noting that it was used to rebut the physician's contention that valium and codeine caused her to hallucinate the rape; that the trial court allowed only two of the six available patient witnesses to testify; and that the trial court provided a limiting instruction to the jury. *Id.* at 875.

In *Hoglund*, a father was charged with molesting his daughter. *Hoglund*, 959 F.3d at 821. At trial, the daughter provided compelling testimony against her father. *Id.* at 823-24. Two physicians and a counselor also testified. *Id.* at 824-27. They recounted the daughter's narrative and bolstered her credibility by opining that they did not believe that she fabricated it. *Id.* The father also testified and explained that his daughter may have fabricated the narrative after walking in on him watching pornography, masturbating, and engaging in oral sex with his spouse. *Id.* at 827-28. A detective testified that that the father had made similar statements to him during an interview. *Id.* at 826. The Seventh Circuit acknowledged the bolstering testimony as problematic but found that the bolstering testimony did not deprive the father of a fair trial considering the compelling nature of the daughter's testimony and the unusual explanations provided by the father. *Id.* at 834-35, 838-39.

In this case, the evidence against Rodriguez is more robust than in *Koo* or *Hoglund*, where only the victims testified that they personally observed the charged sexual misconduct or even signs of the charged sexual misconduct. Here, in addition to the victim's testimony about the four charged incidents, the mother testified that she personally observed one of the incidents, and her mother and siblings testified about

9

the unusual aspects of the relationship between Rodriguez and the victim that were consistent with the charged incidents. Further, the bolstering effect of the challenged evidence against *Koo* and *Hoglund* was far greater than the challenged evidence in this case. In *Koo*, two other patients testified about two similar prior bad acts but had no personal knowledge of the victim's rape or her relationship with the physician and no familial motive to testify on her behalf. In *Hoglund*, the three witnesses, who were professionals that the jury may have perceived as experts, testified, in effect, that they believed the victim's narrative. By contrast, in this case, the family's collective testimony was the only inculpatory evidence presented at trial,[2] and the two uncharged acts arose from this same collective testimony. Stated otherwise, if the jury believed the testimony on the two uncharged acts, they likely already believed the testimony related to the four charged acts given that they came from precisely the same source. Accordingly, the claim regarding the admission of prior bad acts is not a basis for habeas relief.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

---

[2] In addition to the victim and her family, the prosecution presented two of the victim's teachers to testify about the victim's character and truthfulness. Trial Tr. 296-306. The prosecution also presented a sexual assault nurse examiner, who testified that her examination of the victim revealed no physical abnormalities. *Id.* at 206-15. She further testified that there are often no physical signs of sexual activity and that her findings did not contradict the victim's narrative. *Id.*

issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Rodriguez to proceed further.

For these reasons, the court DENIES the habeas corpus petition (ECF 1); DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on March 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT